IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN C. PAGÁN-COLÓN, et al.,

Plaintiffs

v.                                                                CIVIL 08-2398 (GAG) (JA)

WALGREENS OF SAN PATRICIO, INC.,

Defendant

OPINION AND ORDER

This matter is before the court on defendant's motion requesting an order sanctioning plaintiffs by excluding illegally obtained discovery filed by the defendant, Walgreens de Puerto Rico, Inc., on December 28, 2009. (Docket No. 33.) Plaintiffs, Juan C. Pagán-Colón, Ada I. Renta-Bonilla and the conjugal partnership constituted between them, responded to the defendant's motion on January 15, 2010. (Docket No. 39.) On January 25, 2010, the defendant replied. (Docket No. 49.)  For the reasons set forth below, the defendant's motion is hereby DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2008, plaintiffs filed a complaint against the defendant pursuant to 29 U.S.C. § 2601 for retaliation under the Federal Medical Leave Act; Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §

CIVIL 08-2398 (GAG) (JA)              2

5141; and the Puerto Rico Law Against Unjustified Discharge of an Employee, P.R. Laws Ann. tit. 29, § 185(a). (Docket No. 1, at 1, ¶ 1.)

On March 30, 2009, plaintiffs' attorney, Alfredo Acevedo-Cruz, issued a subpoena duces tecum against the Puerto Rico Department of Labor ("PRDL"). (Docket No. 33-6, at 2.) The subpoena was served on April 3, 2009. (Id. at 4.) The subpoena was utilized by the plaintiffs' attorney to obtain all records, files, and documents related to Mr. Pagán-Colón and to the charges of unjust termination made by him before the PRDL. (Id. at 2-3.)

On December 28, 2009, the defendant filed a motion before this court requesting that the documents obtained from the PRDL be barred from being admitted into evidence because: (1) plaintiffs failed to properly notify the subpoena as required by Federal Rule of Civil Procedure 45(b)(1); and (2) because they contain confidential information that cannot be disclosed pursuant to section 713(K) of Act Number 85 of June 24, 1971, P.R. Laws Ann. tit. 29, §§ 701-717, better known as the Employment Security Act ("Act 85"). (Docket No. 33, at 3, ¶ 9 & at 4.)

On January 15, 2010, plaintiffs opposed the defendant's request. (Docket. No. 39.) According to plaintiffs, none of the reasons offered by the defendant justify the preclusion of the documents that were obtained from the PRDL. (Id. at 2, ¶ 1.) Plaintiffs argue that although notice of the subpoena was not given the

CIVIL 08-2398 (GAG) (JA)                3

defendant failed to show that as a result it suffered a cognizable prejudice. (Id. at 3, ¶ 2.) Plaintiffs also contend that the defendant is precluded from making any objections regarding the documents that were requested because Federal Rule of Civil Procedure 45(c)(2)(B) places that right on the person against whom the subpoena is served, in this case the PRDL. (Id. at 4, ¶ 1.) That right, plaintiffs state, was waived by the PRDL when it produced the documents. (Id. at 4, ¶ 2.) In other words, plaintiffs believe that the defendant has no standing to challenge the propriety of documents that were requested from the PRDL because its objections to the subpoena are not based on the "encroachment of its rights." (Id. at 5, ¶ 2 & at 6, ¶¶ 2 & 4.)

According to plaintiffs the defendant cannot invoke the confidentiality provision of Act 85 as a means to challenge the admissibility of the documents produced by the PRDL. (Id. at 8, ¶ 1.) Plaintiffs maintain that the confidentiality provision of Act 85 seeks to protect the employee and not the employer. (Id. at 9, ¶ 2.) Thus, plaintiffs claim that the documents that were produced by the PRDL can be introduced into evidence because Mr. Pagán-Colón, as the beneficiary of said privilege, has the right to waive it. (Id.) Furthermore, plaintiffs contend that the defendant's argument that the documents produced by the PRDL cannot be introduced into evidence because they are confidential is insufficient because it does not show how its interests are affected. (Id. at 9, ¶ 3.)

CIVIL 08-2398 (GAG) (JA)                    4

On January 25, 2010, the defendant replied to plaintiffs' arguments. (Docket No. 49.) In its motion the defendant contends that, contrary to what plaintiffs aver, it suffered a cognizable prejudice. (Id. at 4, ¶ 1.) According to defendant, the prejudice was caused when plaintiffs failed to notify the subpoena, thereby precluding it from raising any objection regarding the request for productions of documents. (Id. at 4, ¶ 2.) The defendant sustains that it is irrelevant whether or not it has standing to challenge the information that was requested from the PRDL since it does not seek to quash the subpoena. (Id. at 5, ¶ 2.) The defendant claims that it only requests that: (1) the notification provisions of Federal Rule of Civil Procedure 45 be enforced; (2) the public policy in which Act 85 is based be upheld; (3) the documents produced by the PRDL not be allowed to be introduced into evidence. (Id.)

The defendant further contends that the PRDL did not waive its right to object to the propriety of the subpoena. (Id. at 7, ¶ 2.) The defendant claims that the documents were produced by the PRDL only because the subpoena was served. (Id.) According to the defendant the PRDL is only accustomed to intervening in local cases. (Id.) The defendant states that the reason why the PRDL does not intervene in federal cases, such as the present one, is mainly because of the language barrier. (Id.) The defendant therefore contends that the PRDL's mistake in producing the documents cannot be construed as a waiver of

CIVIL 08-2398 (GAG) (JA)                 5

its right to object, as plaintiffs claim.  (Id.)  The defendant argues that the confidentiality provision of Act 85 does in fact deal with the issue regarding the admissibility of the evidence in question because the statute provides that documents like the ones provided by the PRDL to the plaintiffs are intended to be kept confidential and are not to be produced.  (Id. at 8, ¶ 1.)  As to plaintiffs' contention that the defendant has not shown how its interests are affected as a result of the documents produced, the defendant posits that there is no need to make such a showing since it is not required by Act 85.  (Id. at 8, ¶ 3.)  Finally, the defendant notes that plaintiffs' claim that the confidentiality provision of Act 85 protects only the employee and not the employer.  (Id. at 9, ¶ 1.)

## II.  ANALYSIS

There are two core issues that need to be addressed.  First, the court must determine whether plaintiffs' failure to properly notify the defendant of the subpoena warrants that they be barred from introducing as evidence the documents produced by the PRDL.  Second, whether the defendant, if given an adequate notice of the subpoena, would have standing to object to plaintiffs' request for production of documents based on an allegation that the information sought is confidential and/or privileged.  Since the defendant's motion seeks to exclude from trial the documents produced by the PRDL the court will treat it  as

CIVIL 08-2398 (GAG) (JA)                              6

a motion *in limine*. See Tardiff v. Knox County, 598 F. Supp. 2d 115, 116 (D. Me. 2009).

     A.  Notice Requirement

     "A civil subpoena is a mandate issued in the name of a court, traditionally by the Clerk of the Court thereof, but, under current practice, may be lawfully issued by attorneys." United States v. Santiago-Lugo, 904 F. Supp. 43, 46 (D.P.R. 1995) (citing Fed. R. Civ. P. 45(a)(1)(A), (B), (2) & (3)).  Civil subpoenas are used to compel a non-party to produce documents or things.  Id. at 47 (citing Fed. R. Civ. P. 45(a)(1)).  However, in order to do so, the Rule 45(b)(1) requires that the party issuing the subpoena has to provide prior notice to all parties to the litigation.  Id. at 47; Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411-412 (S.D.N.Y. 2000); Spencer v. Steinman, 179 F.R.D. 484, 487-88 (E.D. Pa. 1998). Courts have held that the notice has to be made prior to the service of the subpoena on the non-party. Biocore Med. Tech., Inc. v. Khosrowshahi, 181 F.R.D. 660, 667 (D. Kan. 1998) (citing Spencer v. Steinman, 179 F.R.D. at 488-89). "The purpose of [the] notice is to afford [all parties] . . . the opportunity to object to the production [of documents]." United States v. Santiago-Lugo, 904 F. Supp. at 47 (citing Fed. R. Civ. P. 45(b)(1); Callaman v. Riggers & Erectors, Inc. 149 F.R.D. 519 (D.C.V.I. 1992)); see Schweizer v. Mulvehill, 93 F. Supp. 2d at 411-412.

CIVIL 08-2398 (GAG) (JA)				7

As to the remedies that may be afforded when notice is not given, courts can either strike the subpoenas or allow the affected parties the opportunity to object. Biocore Med. Tech., Inc. v. Khorsrowshahi, 181 F.R.D. at 668 (citing United States v. Santiago-Lugo, 904 F. Supp. at 47; Callaman v. Riggers & Erectors, Inc., 149 F.R.D. at 520). Also, in some cases courts may impose economic sanctions. Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D. 372, 381 (D. Md. 1999).

The subpoena issued by plaintiffs' counsel against the PRDL was served on April 3, 2009. (Docket No. 33-6, at 4.) The defendant learned of the subpoena for the first time seven months after it was served. (Docket No. 33, at 3, ¶ 8.) The defendant eventually was given a copy of the subpoena. (Id. at 2-3, ¶ 7.) Plaintiffs maintain that although there was an inadvertent omission in the pre-service notice, the defendant did not suffer any prejudice. The defendant on the other hand states that it suffered a prejudice because it was not given the opportunity to object to the request for production of documents.

Despite the fact that the defendant was not given notice of the subpoena as required by Rule 45(b)(1), it did not suffer prejudice. Even if notice had been given before the subpoena was served, it would not have prevented plaintiffs from obtaining the documents they sought from the PRDL since the defendant would have objected to the request on the same substantive basis as it does now. As

CIVIL 08-2398 (GAG) (JA)                            8

such, though plaintiffs' conduct violated Rule 45(b)(1) the court will not grant the relief sought by the defendant.  See Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D. at 381 (The district court denied the defendants' motion for protective order in which they requested that:  (1) plaintiff be ordered to return documents that were obtained from third parties by issuing ex-parte subpoenas; (2) plaintiff be precluded from using the documents at trial.  The court however held that the defendants were free to challenge the admissibility of the documents through a pretrial motion *in limine.*).

   B.  Disclosure of Privileged and/or Confidential Information

Rule 45(c)(3)(A)(iii) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(c)(3)(A)(iii).  An objection to the subpoena based on these grounds has to made "within fourteen days of service, as required by Rule 45(c)(2)(B)." Tuite v. Henry, 98 F.3d 1411, 1416 (C.A.D.C. 1996).  "Ordinarily, a person other than that against whom the subpoena was issued, lacks standing to move to quash the subpoena." Sterling Merch., Inc. v Nestle, S.A., 470 F. Supp. 2d 77, 81  (D.P.R. 2006) (citing Thomas v. Marina Assoc., 202 F.R.D. 433, 434 (D. Pa. 2001)). However, an exception applies when the movant "claims [a] personal right or

CIVIL 08-2398 (GAG) (JA)                    9

privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed.)

The defendant argues that the documents produced by the PRDL cannot be admitted into evidence because they fall under the confidentiality provision of Act 85. Plaintiffs on the other hand argue that the PRDL was the one who had the right to object to the production of documents on said grounds and not the defendant. That right, plaintiffs claim, was waived when the PRDL produced the documents. The defendant in turn argues that the reason why the PRDL did not object was because of the language barrier. The court finds the defendant's arguments unpersuasive.

First, even though Act 85 contains a confidentiality provision it does not mean that the documents requested by plaintiffs could not be produced by the PRDL because the statute does not appear to create a discovery privilege. Baldrige v. Shapiro, 455 U.S. 345, 360 (1982) (holding that a discovery privilege can be created by statute); Univ. of Pa. v. EEOC, 493 U.S. 182, 189 (1990) (courts are required to narrowly construe privileges, and statutes creating them in order to avoid suppressing probative evidence). To determine whether section 713(k) creates a privilege, the court must look at the language of the statute. Baldrige v. Shapiro, 455 U.S. at 356. Section 713(k) reads as follows:

> (k) Disclosure of information -- Except as otherwise provided in this chapter, any information obtained from

CIVIL 08-2398 (GAG) (JA)                    10

> any employing unit or individual on the administration of this chapter and determinations as to the benefits rights of any individual, shall be held confidential and shall not be disclosed or open to public inspection in any way that reveals the individual's or the employing unit's identity. Any claimant or his legal representative shall be supplied with information from the records of the Department, to the extent necessary for the proper presentation of his claim in any proceeding under this chapter related to such claim.

P.R. Laws Ann. tit. 29, § 713(k).

A reading of the statute clearly shows that the confidentiality provision of Act 85 is not absolute. The statute's plain language allows a person as well as its legal representative to request information from the PRDL to properly present a claim in any proceeding. The statute only requires that the information requested be related to the claim. This requirement is met, as plaintiffs point out that the documents produced were prepared by the PRDL during Mr. Pagán-Colón's administrative claim for the payment of unemployment compensation and for unjust dismissal. Also, plaintiffs have indicated that they intend to use these documents against the defendant during trial.

Second, there is no authority that recognizes that Act 85 creates a discovery privilege. Third, assuming that the subpoena was notified before being served and that Act 85 created a discovery privilege the defendant would not have had standing to quash. As plaintiffs point out, the PRDL was the one who could have moved to quash because the subpoena was served against it. However it decided

CIVIL 08-2398 (GAG) (JA)                         11

not to.  By doing so the PRDL waived its right to object to the subpoena.  Even if it were true that the reason why the PRDL did not object was because of a language barrier, it does not justify its inaction.  See Rodríguez v. Joyce, 693 F. Supp. 1250, 1252 (D. Me. 1988) (court held that even though a language barrier existed it did not excuse claimant's untimely filing of a notice of claim).  Moreover, the defendant's argument is undermined since there is no indication that the PRDL is unfamiliar with federal litigation.  See, e.g., Arrocho v. Dep't of Labor & Human Res. of P.R., 218 F. Supp. 2d 145 (D.P.R. 2002) (action brought by employee under section 1983 and Title VII against the PRDL and its Secretary); and Valdizán v. Rivera-Hernández, 376 F. Supp. 2d 161 (D.P.R. 2005) (former public employees brought civil rights action under section 1983 against Secretary of the PRDL).

　　　In sum, the defendant has neither shown that the information contained in the documents produced by the PRDL is privileged nor that it is irrelevant.  Plaintiffs shall not be precluded from presenting into evidence the documents produced by the PRDL.  See United States v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) ("Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.") However, the court may issue a confidentiality order upon request pursuant to Federal Rule of Civil Procedure 26(c).

CIVIL 08-2398 (GAG) (JA)			12

### III.  CONCLUSION

For the reasons set forth above, the defendant's motion requesting an order sanctioning plaintiffs by excluding illegally obtained discovery is hereby DENIED.

At San Juan, Puerto Rico, this 24th day of February, 2010.

					S/ JUSTO ARENAS
				Chief United States Magistrate Judge