IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

JUAN C. PAGAN-COLON et al.,

Plaintiffs,

v.

WALGREENS DE SAN PATRICIO INC.,

Defendants.

CIVIL NO. 08-2398 (GAG)

**MEMORANDUM OPINION AND ORDER**

Presently before the court is Defendants' motion for reconsideration under Fed.R.Civ.P. 59(e) of a portion of the opinion and order entered on May 6, 2010 (Docket No. 77), which was timely opposed by Plaintiff (Docket No. 80). Defendant filed a timely reply. For the reasons set forth herein, the court **GRANTS** Defendants' motion.

"Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence." Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007)). Because the movant must "clearly establish" a manifest error of law or present newly discovered evidence, it is "very difficult to prevail" on a Rule 59(e) motion. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citations omitted). The First Circuit has repeatedly warned movants that a motion to alter or amend a judgment may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); see, e.g., United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n. 9 (1st Cir. 2004) ("The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion."); F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992) (motions under Rule 59(e) "may not

**Civil No. 08-2398 (GAG)**                    2

be used to argue a new legal theory.").

In its motion for reconsideration, Defendant Walgreens contends that the court failed to address co-plaintiff Ada Renta's ("Renta") claims under Articles 1802 and 1803 of the Civil Code of Puerto Rico in its previous opinion and order (Docket No. 77). Walgreens avers that these claims must be dismissed with prejudice as co- Plaintiff Pagan's claim under the Family Medical Leave Act ("FMLA") does not provide for damages related to emotional or mental distress. In making this assertion, Walgreens highlights the holding in Barreto v. ITT World Directories, Inc., 62 F. Supp. 2d 387, 393-94 (D.P.R. 1999), which specifically held that the Puerto Rico Supreme Court holdings in Santini Rivera v. Serv Air, Inc., 137 D.P.R. 1 (1994), and Maldonado Rodríguez v. Banco Central Corporation, 138 D.P.R. 268 (1995), were inapplicable when applying them to statutes which do not provide for an award of damages.[1]

In Barreto, 62 F. Supp. 2d at 393-94, this court held that a plaintiff's spouse could not bring a claim under Article 1802 for damages which occurred as a result of alleged employment discrimination against her husband. The court reasoned that, because the plaintiff's employment claims were brought under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and Act No. 62 of June 23, 1969, as amended, P.R. Laws Ann. tit. 25, §§ 2001-2093 ("Act 62"), statutes which do not provide for a general damages award, the plaintiff's spouse could not derivatively claim damages for the same actions which her husband could not. Similar to both the USERRA and Act 62, the FMLA does not provide for the award of general damages resulting from employment actions which violate the statute. Damages other than those prescribed by the FMLA, such as punitive damages, nominal damages, or damages for emotional distress, cannot be recovered. See 29 U.S.C. § 2617(a)(1); see also Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721, 739-40 (2003) (citing 29 U.S.C. §§ 2617(a)(1)(A)(i)-(iii)) ("[T]he cause of action under

---

[1] Under both these cases, the Puerto Rico Supreme Court held that plaintiffs related to a victim of discrimination were allowed to assert a claim under Article 1802 to redress the damages they purportedly suffered as a result of the alleged discriminatory discharge of their relative. See Barreto, 62 F. Supp. 2d at 394.

**Civil No. 08-2398 (GAG)**                                              3

the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses."). Instead, the statute provides only for "compensatory damages equal to the amount of any wages, salary, employment benefits, or other compensation which [the employee] was denied or lost by reason of the violation." Szabo v. Trustees of Boston University, 4 Wage & Hour Cas. 2d (BNA) 894, 1998 WL 151272 (D. Mass. 1998), aff'd on other grounds, 181 F.3d 80, 5 Wage & Hour Cas. 2d (BNA) 384 (1st Cir. 1998). As Pagan's claim against Walgreens is brought under the FMLA, his spouse is unable to state a valid claim under Articles 1802 and 1803 for the same alleged actions.

Furthermore, following the court's reasoning in Barreto, Pagan's Law 80 claim similarly does not provide viable support for Renta's Article 1802 claim. Similar to the FMLA, Law 80 does not allow for an award of general damages. Instead, the statute includes a damage formula that is the exclusive remedy for wrongful termination of at-will employees in Puerto Rico. See Soto-Lebron v. Federal Express Corp., 538 F.3d 45, 55 (1st Cir. 2008) ("A wrongfully terminated employee cannot recover emotional distress damages for the termination itself.") (citing Porto v. Bentley P.R., Inc., 132 D.P.R. 331, (1992) ("[T]he only remedy available to an employee for a mere discharge without just cause is that provided by Act No. 80.")). Therefore, as with the FMLA claim, Renta is unable to bring a derivative Article 1802 claim for damages which could not be awarded to her husband under Law 80.

In their opposition, Plaintiffs contend that regardless of the court's reasoning in Baretto, Renta's claim against Walgreens is independent of her husband's FMLA claim and therefore the courts ruling in Baretto is inapplicable. See Soto-Lebron, 585 F.3d at 55 (quoting Porto, 132 D.P.R. 331 ("[I]f other independent tortious actions concur with the discharge, the employer may be held liable for said conduct.")). However, contrary to this contention, Plaintiffs' original complaint states that "[a]s a direct and proximate cause of Walgreens's [unlawful employment] conduct against his [*sic*] husband, Plaintiff Renta Bonilla has suffered and will continued [*sic*] to suffer emotional and financial damages . . . ." (Docket No. 1 at ¶ 28.) Based upon the language of this claim, Renta's

**Civil No. 08-2398 (GAG)**                4

claims are premised upon Walgreens's alleged discriminatory actions against her husband. As such, the Plaintiffs' attempts to formulate an independent claim on behalf of Renta are unsuccessful, as said claims were not pled in the complaint.

Because the statutes which Pagan proceeds under do not provide for an award of general damages, his wife is unable to derive a claim for damages which he himself could not receive. See Barreto, 62 F. Supp. 2d at 394 (finding it "ludicrous for plaintiff's spouse to be entitled to greater benefits than [plaintiff] himself would be entitled to.") As such, the court **GRANTS** Defendant Walgreens's motion for reconsideration and **DISMISSES** co-plaintiff Renta's Article 1802 and 1803 claims with prejudice.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of June, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge