IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN C. PAGAN COLON, ADA I. RENTA BONILLA and the CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN THEM,<br><br>Plaintiffs<br><br>v.<br><br>WALGREENS DE SAN PATRICIO, INC.,<br><br>Defendant. | CIVIL NO. 08-02398 (GAG) |

<u>OPINION AND ORDER</u>

This matter is before the court on plaintiffs' motion for sanctions pursuant to Local Rule 16(g) and to deem plaintiff's proposed facts as uncontested, filed on June 15, 2010.  (Docket No. 92.)  The defendant opposed plaintiffs' motion on June 29, 2010.  (Docket No. 96.)  Plaintiffs' motion was referred to me for disposition on July 1, 2010.  (Docket No. 97.)  For the reasons set forth below, plaintiffs' motion is hereby DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed the instant against the defendant on December 19, 2008 alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601, et seq., Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §5141 and §5142, and the Puerto Rico Law Against Unjustified Discharge of an  Employee, 29 P.R. Laws Ann. §185(a).  (Docket No. 1, at ¶1.)

The defendant filed partial motions for summary judgment on January 15, 2010 to dismiss the FMLA claim, damages claims and the Law 80 claim.  (Docket No. 42 and 44.)  On May 6, 2010, the court denied the defendant's motions as to the FMLA and Law 80 claims, but granted the motion on the damages claims. (Docket No. 77.)  A settlement on the remaining claims has not been reached. A jury trial is scheduled to commence on October 18, 2010.  (Docket No. 90.)

Pursuant to the Court's order, the parties filed a Joint Proposed Pretrial Order on June 11, 2010.  (Docket No. 78 and 89.)  The Proposed Pretrial Order included plaintiffs' and the defendant's proposed stipulated facts.  (Docket No. 89, at 31-40.)  The plaintiffs stipulated to all of defendant's proposed facts, however, the defendant did not stipulate to all of plaintiffs' proposed facts.

On June 15, 2010, plaintiffs filed this motion for sanctions and request that the court deem plaintiffs' proposed facts as uncontested.  (Docket No. 92.) Plaintiffs contend that the defendant should be sanctioned under Local Rule 16(g) for its "bad faith conduct in refusing to stipulate to facts which are not in dispute and for an order deeming Plaintiff's proposed facts... as facts not in dispute in the present litigation." (Docket No. 92, at 7.)  According to plaintiffs, in compiling the Joint Proposed Pretrial Order, the defendant purposefully refused to stipulate to facts already admitted and therefore should be sanctioned for not complying with Local Rule 16(g).  (Docket No. 92.)

The defendant opposed plaintiffs' motion arguing that plaintiffs are

2

incorrectly applying Local Rule 16(g).  (Docket No. 96.)  The defendant asserts that none of the circumstances outlined by the Rule are present here, therefore sanctions cannot be imposed.  (Docket No. 96, at 1.)   The defendant further argues that Local Rule 16 does not require that parties stipulate to facts prior to trial.  (Docket No. 96, at 2.)  Moreover, the defendants allege that the proposed facts at issue were only admitted for summary judgment purposes, and are therefore not uncontested facts for the purposes of trial.  (Docket No. 96, at 3.)

ANALYSIS

I.      Local Rule 16(g) Sanctions

Federal Rule of Civil Procedure 16 and Local Rule 16 govern the pretrial management of cases in order to narrow the factual and legal issues before the court.  Fed. R. Civ. P. 16 and Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 16 (hereinafter referred to as "Federal Rule" and "Local Rule").  In relevant part, Federal Rule 16 allows the court to hold a pretrial conference to "consider and take appropriate action on the following matters: obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence."  Fed. R. Civ. P. 16(c)(2)(C).  Local Rule 16 further requires parties to meet and prepare a proposed Pretrial Order before the pretrial conference that contains "proposed stipulations concerning facts and documents which are not in substantial

3

dispute." Local Rule 16(d)(4).

In 1983, Federal Rule 16 was amended to allow a court to impose sanctions for failure to comply with the Rule. Pursuant to Federal Rule 16(f), "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pre-trial conference; (B) is substantially unprepared to participate - or does not participate in good faith - in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Local Rule 16(g) allows the court to impose sanctions "[i]f a party fails to comply with the requirements of Fed. R. Civ. P. 16 or this rule... ."

"The rule, however, is narrow-gauged." Figueroa-Rodriguez v. Lopez-Rivera, 878 F.2d 1488, 1491 (1st Cir. 1988.) Rule 16 sanctions cannot be imposed unless a party specifically fails to comply with Rule 16. See Id. ("Rule 16(f) sanctions cannot be prescribed as a panacea to cure the ills of a bar which sometimes falls short of meeting, generally, acceptable standards of practice.")

Both the Federal and Local Rules require parties to include proposed stipulated facts in a proposed pretrial order where the facts are substantially undisputed; they do not however, *require* the parties to stipulate to facts. Plaintiffs nevertheless argue that the defendant's refusal to "accept a proposed fact not in controversy is not in compliance with Rule 16." (Docket No. 92, at 2.) The imposition of sanctions is only appropriate in the four instances

outlined by the Rule: (1) failure to appear at a scheduling or pretrial conference; (2) failure to substantially prepare for such conference; (3) failure to participate in good faith at such conference; and (4) failure to obey a scheduling or pretrial order.  Fed. R. Civ. P. 16(f).  Accordingly, Rule 16 sanctions are not appropriate in this case because the defendants did not violate Rule 16.  Therefore, plaintiffs' motion for sanctions is denied.

II.    Order Deeming Plaintiffs' Proposed Facts as Uncontested

Plaintiffs' motion also requests that this court deem plaintiffs' proposed facts as uncontested.  (Docket No. 92.)  Plaintiffs argue that because the defendant has previously admitted certain facts, such facts are not in controversy and should be deemed uncontested.  (Docket No. 92.)  In the defendant's opposition, the defendant asserts that its refusal to stipulate facts is justified because the facts proposed by plaintiffs were conditionally admitted by the defendant for summary judgment purposes only.  (Docket No. 96, at 3.)

As stated above, the federal rules allow a court to take appropriate action to obtain stipulations about facts to narrow the issues prior to trial.  Fed. R. Civ. P. 16(c)(2)(C).  Moreover, the Local Rules require that the parties file a proposed Pretrial Order containing stipulations concerning facts that are not in substantial dispute.  Local Rule 16(d)(4).  However, neither rule specifically addresses whether the court may compel a party to involuntarily stipulate to facts.

5

The First Circuit has not ruled on this issue and courts have been split on whether a District Court may compel the stipulation of facts under Rule 16.  The Tenth Circuit held fifty years ago that under Rule 16, "the court has the power to compel the parties to agree to all facts concerning which there can be no real issue." Holcomb v. Aetna Life Ins. Co., 255 F.2d 577, 580 (10th Cir. 1958.) According to the Tenth Circuit, the purpose of Rule 16 allows a court to compel a party to stipulate facts:

> The spirit of a pre-trial procedure is not only to call the parties together and ask them to stipulate as to all matters concerning which there can be no dispute, but to compel them to stipulate and agree as to all facts concerning which there can be no real issue. The court has a right to compel the parties to do this. ... Unless the court has such power, a pre-trial conference is indeed innocuous and of little help. Without Rule 16, the court always has had the power to ask the parties to meet and request them to try and get together on all such matters. The purpose of the pre-trial procedure is to compel them to do this.

Berger v. Brannan, 172 F.2d 241, 243 (10th Cir. 1949.); see also U. S. v. American Tel. & Tel. Co., 83 F.R.D. 323, 332 at n. 18 (D.D.C. 1979.)

On the other hand, not all courts hold that Rule 16 requires parties to stipulate facts[1], such as the Seventh Circuit.  The Seventh Circuit has held that

---

[1] Some District Courts, such as the District of Maryland, tailor the question to one of evidence and procedure.  In Briggs v. Dalkon Shield Claimants Trust, the court determined that the plaintiff was not required to accept the defendant's waiver as an involuntary stipulation.  174 F.R.D. 369 (D.Md. 1997)  The court held that even if the Rules of Civil Procedure allowed a court to compel an involuntary stipulation,  the court should not do so without considering certain factors.  Id. at 373.  The Court found that "[e]ven if there is doubt about whether the court has the authority to directly order that a stipulation be involuntarily accepted pursuant to Fed. R.

"[o]n its face, Rule 16 of the Federal Rules of Civil Procedure does not authorize a court to force parties to stipulate facts to which they will not voluntarily agree." J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp., 542 F.2d 1318, 1322 (7th Cir. 1976.); see also Identiseal Corp. Of Wisconsin v. Positive Identifications Systems, Inc., 560 F.2d 298, 302 (7th Cir. 1977) ("The language of the rule does not, by its terms, confer upon the court the power to compel the litigants to obtain admissions of fact and of documents even if it is clear that such admissions would simplify the trial of the case.  Instead, the rule requires the parties to appear and consider the possibility of admissions which would lessen their task at trial.")

In J.F. Edwards Construction Co., the Seventh Circuit held that the District Court's standing order, requiring the parties to file a written statement of the uncontested facts, did not mandate that the parties stipulate facts at the pre-trial conference.  542 F.2d at 1322.  The court held that pursuant to Fed. R. Civ. P. 83, all local rules must be consistent with the Federal Rules.  Therefore the district court's standing order could not be read to require that the parties stipulate facts when Federal Rule 16 does not do so.  Id.  Here, Local Rule 16 also requires parties to include stipulated facts that are not in substantial dispute in the joint proposed pretrial order.  Like in J.F. Edwards, the rule does

---

Civ. P. 16, there can be no real dispute that the court has abundant authority to achieve the same result through Fed. R. Evid. 403."  Id. at 373, n. 5.

not require the parties to stipulate to facts.  Thus there is no authority for this Court to compel the parties to do so.

It is important to note that the purpose of Federal Rule 16's pretrial conference is to formulate a plan for trial.  Fed. R. Civ. P. 16(e); see also Ramirez Pomales v. Becton Dickinson & Co., S.A., 839 F.2d 1, 3 (1st Cir. 1988); Roland M. v. Concord School Committee, 910 F.2d 983, 999 (1st Cir. 1990.)  In issuing a final pretrial order, the court will consider "[t]he proposed pretrial order, the pleadings and papers on file, all pending motions and other proceedings and any other matters referred to in this rule or in Fed. R. Civ. P. 16 which may be applicable."  Local Rule 16(e).  Once a pretrial order is entered, it "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).

CONCLUSION

For the reasons set forth above, plaintiffs' motion for sanctions pursuant to Local Rule 16(g) and request to deem proposed facts uncontested is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, this 30th day of August, 2010.

S/JUSTO ARENAS
Chief United States Magistrate Judge