**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JUAN C. PAGAN-COLON, et al**

    **Plaintiffs,**

      **v.**                        **Civil No. 08-2398 (GAG)**

**WALGREENS OF PUERTO RICO, INC.**

    **Defendant.**

## OPINION AND ORDER

Plaintiff Pagan-Colon filed a complaint against Defendant Walgreens de Puerto Rico, Inc. alleging retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.  The issue was heard by a jury, which found in favor of Plaintiff.  After trial, Plaintiff filed a timely motion to amend the judgment (Docket No. 170).  Defendant filed its own motion to amend judgment (Docket No. 173).  Plaintiff in turn filed a motion in opposition (Docket No. 178).

After reviewing the parties' submissions and pertinent law, the court **GRANTS** Plaintiff's motion to amend judgment (Docket No. 170) and **DENIES** Defendant's motion to amend judgment (Docket No. 173).

**I.      Legal Standard**

There are only four recognized grounds upon which the court can grant a Rule 59(e) motion for reconsideration: (1) manifest error of law or fact upon which the court's judgment is based; (2) newly discovered or previously unavailable evidence; (3) if it is necessary to prevent manifest injustice; and (4) intervening change in controlling law. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005) (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed.1995)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to a controlling decision or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court.").

The First Circuit has repeatedly warned movants that a motion under Fed. R. Civ. P. 59(e) may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); see, e.g., United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n. 9 (1st Cir. 2004) ("The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion.").

## II.    Factual and Procedural Background

Plaintiff filed a complaint against Walgreens de Puerto Rico, Inc. alleging retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. The issue was tried by jury from October 18 through October 25, 2010. After deliberation, the jury returned a verdict in favor of Plaintiff in the amount of $100,000. This amount was subject to remittitur and reduced to $47,145.65.

This reduced amount was calculated based on the 125 weeks between Plaintiff's termination in violation of the FMLA and the trial. Plaintiff was awarded damages for lost salary, profit sharing, and overtime pay. These damages were then reduced due to Plaintiff's mitigation of damages through procurement of other employment. Before entering judgment, the court also heard arguments pertaining to the potential award of liquidated damages and Defendant's good faith defense against liquidated damages. The court denied Plaintiff's request for liquidated damages, yet stated that the issue of liquidated damages, as well as the issue of interest, would be revisited pursuant to post-judgment motions.

Plaintiff filed a motion to amend judgment (Docket No. 170) on October 29, 2010. Defendant filed a motion to amend judgment (Docket No. 173) on November 4, 2010. Plaintiff filed a motion in opposition (Docket No. 178) on November 10, 2010.

## III.    Discussion

Plaintiff has been awarded damages for his former employer's violation of the FMLA. The parties differ as to how these damages should be calculated and have filed motions to amend judgement to reflect their methods of calculation.

## A. Prejudgment Interest

In his motion to amend, Plaintiff argues that prejudgment interest is statutorily mandated under the FMLA. (See Docket No. 170.) Plaintiff argues that he is entitled to prejudgment interest even if the court denies liquidated damages. Plaintiff's motion has been "strictly limited" to the "statutory entitlement to pre judgment interest." (See Docket No. 170.)

While neither this court nor the First Circuit have directly addressed this narrow issue, the Fourth and Eighth Circuits have expressly stated that prejudgment interest is statutorily mandated under the FMLA. See Dotson v. Pfizer, Inc., 558 F.3d 284, 302 (4th Cir. 2009) ("[P]rejudgment interest on FMLA damages is mandatory rather than discretionary."); see also Hite v. Vermeer Mfg. Co., 446 F.3d 858, 869 (8th Cir. 2006) ("Section 2617 indicates that the award of such interest is mandatory."). The Sixth Circuit also seems to be in agreement with this interpretation. See Killian v. Yorozu Automotive Tennessee, Inc., 454 F.3d 549 (6th Cir. 2006) (stating the district court failed to "calculate interest on the award in favor of [plaintiff] as [is] required by 29 U.S.C. § 2617(a)(1)(A)(ii)"). The court agrees with the Fourth and Eighth Circuit based on the plain meaning of the statute and the statute's legislative history.

In determining what is required by statute, the court begins by looking at its plain language. "[A] statute's plain language is the primary indicator of its meaning." Mass. Fin. Services, Inc. v. Sec. Investor Prot. Corp., 545 F.2d 754, 756 (1st Cir. 1976). "If the statute's language is plain, 'the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" In re Rudler, 576 F.3d 37, 44 (1st Cir. 2009) (citing Lamie v. United States, 540 U.S. 526, 534 (2004)).

Section 2617 of the United States Code provides that an employer found to be in violation of section 2615 "shall be liable" for "the interest on the amount described in clause (i) calculated at the prevailing rate." 29 U.S.C. § 2617. Clause (i) provides an eligible employee with damages equal to any wages, salary or other compensation lost as a result of an employer's FMLA violation. See 29 U.S.C. § 2617(a)(1)(A). The statute also provides for an award of liquidated damages and states that liquidated damages need not be awarded if an employer provides a good faith reason for the FMLA violation. See 29 U.S.C. § 2617(a)(1)(A)(iii). Unlike the liquidated damages provision, the

interest provision does not contain any exception to an award of interest.  See 29 U.S.C. § 2617(a)(1)(A).  The interest provision is more similar to the provision holding employers liable for an employee's lost compensation resulting from the FMLA violation.  See 29 U.S.C. § 2617(a)(1)(A)(i); 29 U.S.C. § 2617(a)(1)(A)(ii).

In addition to the unambiguous language of the statute, the FMLA's legislative history supports this interpretation.  "Section 107(a)(1)(A)(ii) provides that an employer also *shall be liable for the interest on that amount* described in clause (i), calculated at the prevailing rate."  S.Rep. No. 103-3, at 35 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 37 (emphasis added).

The court finds that prejudgment interest is statutorily mandated under the FMLA.  Accord Dotson, 558 F.3d at 302 (reversing district court ruling for failure to include interest).  The judgment must be amended to grant Plaintiff prejudgment interest because the denial of said interest constitutes a manifest error of law.  See Marie, 402 F.3d at 7 n. 2 (stating that manifest error of law is grounds for granting a motion to amend judgment).

**B. Overtime Pay**

In its motion to amend, Defendant argues that overtime pay should not be included in Plaintiff's damage calculations.  (See Docket No. 173).  In the alternative, Defendant requests that the calculation of overtime hours be based on the parties' stipulated number of hours that the Plaintiff worked the twelve months prior to his termination.  (See Docket No. 173.)  At this point in time, neither this court nor the First Circuit has addressed the issue of overtime pay for FMLA damages.

Under the FMLA, an employer's liability for damages is laid out by statute.  The statute provides that an employer is liable "for damages equal to (i) the amount of (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation."  29 U.S.C. § 2617.

In supporting its contention that overtime pay should not be awarded, Defendant relies on an Eighth Circuit FMLA case, Thorson v. Gemini, Inc. 205 F.3d 370 (8th Cir. 2000).  The plaintiff in Thorson alleged that she worked an average of 65 hours of overtime per year and that those hours should have been calculated into her damages.  Id. at 384.  The opinion does not provide information

as to how the overtime average was calculated.  <u>See</u> <u>id.</u>  The court refused to award the plaintiff overtime pay for the four years between her termination and the trial, stating that such an award would be "little more than guesswork."  <u>Id.</u> at 384.

In the present case, evidence was presented at trial to show Plaintiff regularly worked forty-four hours per week.  Plaintiff's weekly schedule was corroborated by Defendant's payment to Plaintiff of forty-four hours of sick leave for his first week absent from Walgreens.  (<u>See</u> Docket No. 157 at ¶ 13.)  The additional 2.5 hours per week of overtime is consistent with the fact that Plaintiff worked an average number of 46.5 hours per week at Walgreens in 2008 prior to his termination.  (<u>See</u> Docket No. 164, Plaintiff's Exhibit 6.)  Additionally, Plaintiff is being awarded damages for the 125 weeks between his termination and the jury trial in contrast to the "four-plus years" the award in <u>Thorson</u> would have covered.  (<u>See</u> Docket No. 169.); <u>Thorson</u>, 205 F.3d at 384.  Defendant does not present any newly found evidence contrary to these findings.  <u>See</u> <u>Fed. Deposit Ins. Corp. v. World Univ., Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992), nor has it offered any legal source other than <u>Thorson</u> to support its contention.  (<u>See</u> Docket No. 173.)  Accordingly, Defendant has failed to convince the court that a manifest error of law has occurred or that judgment must be altered to prevent a manifest injustice.

The Defendant has not presented sufficient evidence to meet the burden under Fed. R. Civ. P. 59(e).  <u>See</u> <u>Marie</u>, 402 F.3d at 7 n. 2.  The <u>Thorson</u> case is not controlling on this court and no binding case law or statutory interpretation has been presented to further the argument that overtime should be excluded from the damages award.

**IV.    Conclusion**

The court **GRANTS** Plaintiff's motion to amend judgment (Docket No. 170).  The Clerk of the Court shall calculate this interest at the prevailing rate.  The court **DENIES** Defendant's motion to amend judgment (Docket No. 173).

**SO ORDERED**.

**Civil No. 08-2398 (GAG)**                         6

In San Juan, Puerto Rico this 7th day of December, 2010.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge